UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **AARON BRAQUET** | * | **CIVIL ACTION NO. 11-0745** |
| **VS.** | * | **MAGISTRATE JUDGE HILL** |
| **TETRA APPLIED TECHNOLOGIES** | * | **BY CONSENT OF THE PARTIES** |

RULING ON MOTION FOR SUMMARY JUDGMENT

Pending before the Court is the Motion for Summary Judgment filed by defendant, Tetra Applied Technologies, LLC ("Tetra"), on April 22, 2013. [rec. doc. 26]. Plaintiff, Aaron Braquet ("Braquet"), filed opposition on May 23, 2013. [rec. doc. 29]. Tetra filed a Reply on June 7, 2013. [rec. doc. 34]. The Court held oral argument on June 19, 2013, after which I took the motion under advisement. For the following reasons, the motion is **DENIED**.

## *Background*

Braquet alleges that he was injured on or about May 14, 2008, while working as a roustabout aboard an inland drilling barge, the DE-12, which was owned, operated and managed by Tetra. He asserts that his injuries occurred when he was required to use improperly hung manual drill pipe tongs, causing cumulative, repetitive trauma to his right shoulder, elbow and the related anatomical structures. He alleges that his injuries happened slowly as a result of the repeated exposure to harmful conditions in the work place, which first became apparent to him on May 14, 2008.

On May 16, 2011, Braquet filed an action under the Jones Act, 46 U.S. C. § 30104, *et seq*., and the general maritime law against Tetra for his personal injuries. On April 22, 2013, Tetra filed the instant Motion for Summary Judgment on the grounds that Braquet's claims were time-barred. [rec. doc. 12].

## Summary Judgment Standard

Fed. R. Civ. Proc. 56(a) provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. "A dispute is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Tolan v. Cotton*, 713 F.3d 299, 304 (5th Cir. 2013) (*citing Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012)). "A fact issue is material if its resolution could affect the outcome of the action." *Id*. In that regard, all facts and inferences are construed in the light most favorable to non-movants. *Id*.

## Analysis

### *Statute of Limitations*

The statute of limitations for maritime torts is governed by 46 U.S.C. § 30106 which provides that: "Except as otherwise provided by law, a civil action for damages for personal injury or death arising out of a maritime tort must be brought within 3 years after the cause of action arose."

The Fifth Circuit uses one of two rules to determine when the statute of limitations begins to run. *Armstrong v. Trico Marine, Inc.*, 923 F.2d 55, 58 (5th Cir. 1991). The "Time of Event Rule" applies "if some injury is discernable when the tortious act occurs." *Id*. (*citing Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 229 (5th Cir. 1984)). Under this rule, the cause of action accrues when the harmful event occurs.

The "Discovery Rule" applies when the plaintiff has sustained "a latent injury which either is not or cannot be discovered until long after the tortious act that caused the injury has occurred." *Id*. Under this rule, a cause of action under the Jones Act and general maritime law accrues when a plaintiff has had a reasonable opportunity to discover his injury, its cause, and the link between the two. *Pretus v. Diamond Offshore Drilling, Inc.*, 571 F.3d 478, 481 (5th Cir. 2009) (*citing Crisman v. Odeco, Inc.*, 932 F.2d 413, 415 (5th Cir. 1991)). Braquet argues that the discovery rule applies to this case.

Tetra asserts that this lawsuit is time-barred because Braquet filed it more than three years after the limitation period. Specifically, Tetra argues that Braquet had complained to his driller, Joseph Ryan, and tool pusher, Bruce Hebert, about the way the tongs were hanging on the previous hitch, which was about a week prior to his reported injury date. Tetra also contends that Braquet had reported that his shoulder was hurting a few days prior to May 14, 2008.

In support of its argument, Tetra cites Braquet's deposition testimony indicating that he had noticed on the previous hitch that the tongs were harder to operate because the

3

cable suspending the tongs was angled behind a girt instead of hanging straight down. [rec. doc. 26, Exhibit B, Braquet Depo. pp. 33-39]. However, Braquet specifically testified that he did not feel any pain in his shoulder during the prior hitch. [Braquet Depo. pp. 35-36]. Thus, Braquet could not have possibly discovered a link between his injury (which he testified he was then unaware of) and the cause of the injury at that time.

Additionally, Tetra argues that Braquet complained about his shoulder hurting, as a result of having to operate the tongs in this configuration, no later than May 13, 2008. At his deposition, Braquet testified that he was "not sure the exact date" when his shoulder started bothering him. [Braquet Depo. p. 47]. However, he later testified that he filed the report dated May 18, 2008, four days after he first felt the soreness in his shoulder (May 14, 2008). [Braquet Depo. p. 68].

In fact, Tetra's *own records* indicate that Braquet's injury occurred on or after May 14, 2008. Tetra's Initial Report of Occupational Injury or Illness dated May 18, 2008 ("Initial Report"), shows a "Date of Incident" of "May 18, 2008." [rec. doc. 29, Exhibit A]. A second copy of Tetra's Initial Report contains handwritten notes indicating a "Date of Incident" of "5/8 5/14/08". [rec. doc. 29, Exhibit B]. Tetra's Illness Only – Non Work Related form dated May 18, 2008, contains a "Date of Illness" of "5-14-08" with an explanation of employee's illness as "soreness in shoulder on 5-14-08." [rec. doc. 29, Exhibit C]. Additionally, a letter from Tetra's legal department to plaintiff counsel dated August 20, 2008, refers to a "May 16, 2008 incident involving Aaron Jason Braquet."

[rec. doc. 29, Exhibit D].  Thus, Tetra's own documents show a genuine dispute as to the date of Braquet's incident.

According to Tetra's records, Braquet's injury occurred on May 14, 16, or 18 of 2008.  If the injury did indeed occur on the earliest date, May 14, 2008, then the three-year anniversary of the accident would have fallen on a Saturday.  Therefore, pursuant to Fed.R.Civ.P. 6(a), the filing period continued to run until the end of the next day that was not a Saturday, Sunday, or legal holiday – to wit, Monday, May 16, 2011 – which is the date plaintiff filed suit.

In any event, the Court finds that a genuine dispute as to a material fact – the date of incident – exists in this case.  Accordingly, the motion for summary judgment based on the statute of limitations is **DENIED**.

### *Laches*

Next, Tetra argues that the doctrine of laches applies because it was precluded from gathering evidence or conducting an effective investigation of the incident by Braquet's unreasonable delay in filing suit.

Laches is an equitable doctrine, that if proved, is a complete defense to the action irrespective of whether the analogous limitations period has run. *Mecom v. Levingston Shipbuilding Co.*, 622 F.2d 1209, 1215 (5th Cir. 1980).  The existence of laches is a question of fact to be decided by the court after weighing the equities as they appear from the facts of each case. *Esso Intern., Inc. v. S.S. Captain John*, 443 F.2d 1144, 1150 (5th

Cir.1971).  When a plaintiff files a claim within the analogous limitations period, defendant must show inexcusable delay and resulting prejudice in order to establish a laches defense.  *Barrios v. Nelda Faye, Inc.*, 597 F.2d 881, 885 (5th Cir. 1978).

  Here, Tetra argues that it was prejudiced by Braquet's delay in filing suit, because it sold the DE-12 and its equipment to Inland Barge Rig Holdings, LLC on November 30, 2009 [rec. doc. 26, Exhibit H]; therefore, it cannot investigate "first hand" the configuration of the tong line.  Tetra further asserts that it no longer employs any member of the crew who worked with Braquet at the time of the incident, and that the memories of the witnesses who may be found would inevitably be impaired after three years.  However, Tetra's own records belie its argument that it was precluded from conducting an effective investigation of this case.

  Tetra's reports show that Braquet reported his injury to the tool pusher, Bruce Hebert, and the driller, Joseph Ryan, on May 18, 2008.  [rec. doc. 29, Exhibits A, B, C]. Additionally, the letter from Tetra's legal department to Braquet's counsel, which was sent three months after the incident, shows that Tetra was aware of a potential lawsuit. [rec. doc. 29, Exhibit D].  Further, Tetra and/or F.A. Richard & Associates, Inc. paid maintenance and cure to Braquet for the period beginning May 19, 2008.  [rec. doc. 29, Exhibits F, G].  These records clearly establish that Tetra was put on notice of Braquet's potential claim shortly after the incident.

Because Tetra was not precluded from properly investigating this case, it cannot show prejudice from Braquet's delay in filing suit. Accordingly, the motion for summary judgment on the basis of laches is **DENIED**.

### *Conclusion*

For the foregoing reasons, the Motion for Summary Judgment filed by Tetra is **DENIED**.

Signed June 26, 2013, at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE